UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

|  |  |  |
|---|---|---|
| Fraserside IP, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Igor Kovalchuk d/b/a | ) | Docket No. 11-3040-MWB |
| DrTuber.com, www.DrTuber.com, | ) | |
| and John Does 1-100 | ) | |
| and John Doe Companies 1-100, | ) | |
| Defendants. | ) | |

**DEFENDANT IGOR KOVALCHUK'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

## Table of Contents

Facts.................................................................................................................. 1

    **The Parties and Interested Parties**.............................................................. 2

          **A.**     **Fraserside IP**

          **B.**     **Fraserside Holdings**

          **C.**     **Private Media Group**

          **D.**     **Igor Kovalchuk**

          **E.**     **ERA Technologies, Ltd.**

    **The Intellectual Property**.......................................................................... 5

**Argument**........................................................................................................ 8

        **I.**     **The Complaint Must Be Dismissed Because Mr. Kovalchuk
Was Not Served, And, In Any Event, Is Not The Correct
Defendant**..................................................................................... 8

        **II**     **The Complaint Must Be Dismissed Because Mr. Kovalchuk is
Not Subject To Personal Jurisdiction In Iowa**............................. 9

        **III.**     **The Complaint Must Be Dismissed Because Fraserside IP
Does Not Have Standing to Assert The Present Claims**.............. 15

**Conclusion**.................................................................................................... 19

In another of a long line of inappropriately filed complaints,[1] Plaintiff Fraserside IP, LLC ("Fraserside IP"), a wholly-owned subsidiary of a Cyprus-based company, has brought the present action against Igor Kovalchuk, a citizen and resident of Russia, who has no connection to this forum.[2] And, in addition to Fraserside IP's usual litany of procedural, factual, and legal infirmities, the present Complaint suffers inasmuch as it has not been served on the named defendant (Mr. Kovalchuk), who is not, in any event, the owner or operator of the website complained of in the Complaint. Additionally, the actual owner and operator of the website, ERA Technologies, Ltd., a company incorporated in the British Virgin Islands, has neither been named as a defendant in this case, nor properly served.

Even if Mr. Kovalchuk were a proper defendant in this case, there is a wholesale lack of personal jurisdiction over him. In addition, Fraserside IP's claim to the relevant intellectual property appears to be questionable at best, given that Fraserside IP's parent corporation, Fraserside Holdings, continues to assert *its* ownership over the intellectual property in sworn court filings. Finally, to the extent that Fraserside IP claims that Fraserside Holdings (and other Private affiliates or subsidiaries) assigned to it their copyrights and patents, such assignments are likely invalid inasmuch as they appear to violate an injunction imposed by a court in the State of Nevada. Accordingly, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6), Fraserside IP's Complaint should be dismissed in its entirety. In further support of this memorandum, Mr. Kovalchuk state as follows.

---

[1] Fraserside IP has filed sixteen different cases in this Court. (*Fraserside IP LLC v. Slutload, et al.*, 10-cv-03066-MWB; *Fraserside IP LLC v. Youngtek Solutions Ltd, et al.*, 11-cv-03005-MWB; *Fraserside IP LLC v. IG Media Inc.*, 11-cv-03015-MWB; *Fraserside IP LLC v. Gens*, 3:11-cv-03019-MWB; *Fraserside IP LLC v. Gens*, 11-cv-03022-MWB; *Fraserside IP LLC v. WhoIsGuard, et al.*, 11-cv-03025-MWB*; Fraserside IP LLC v. Faragalla, et al.,* 11-cv-03032-MWB; *Fraserside IP LLC v. Netvertising Ltd, et al.*, 3:11-cv-03033-MWB; *Fraserside IP LLC v. Netvertising Ltd, et al.*, 11-cv-03034-MWB; *Fraserside IP LLC v. Kovalchuk*, 11-cv-03040-MWB, *Fraserside IP LLC v. Letyagin*, 11-cv-03041-MWB; *Fraserside IP LLC v. Olivero*, 11-cv-03042-MWB; *Fraserside IP LLC v. Waterweg*, 11-cv-03043-MWB; *Fraserside IP LLC v. Miller*, 11-cv-03047-MWB; *Fraserside IP LLC v. Contact Privacy*, 11-cv-03048-MWB; and *Fraserside IP LLC v. WhoIsGuard d/b/a PornerBros.com*, 11-cv-03056-MWB.)
[2] The complaint also lists in the caption the website www.DrTuber.com ("DrTuber"). It is unclear precisely how the Plaintiff believes that it can name a website as a defendant, given that a website is not a distinct legal entity.

1

## Facts

The following facts – derived from the allegations in Fraserside IP's Complaint and from public records[3] – are accepted as true for the purposes of this motion:

### The Parties and Interested Parties

#### A.     Fraserside IP

The Plaintiff, Fraserside IP, is a wholly owned subsidiary of Fraserside Holdings, Ltd. ("Fraserside Holdings"), a Cyprus-based company.  *See* Docket Entry No. 7.

Fraserside IP conducts no actual business – in Iowa or anywhere else – but rather appears to have been created for the sole purpose of judicial forum shopping.  Indeed, in the first year of its existence, Fraserside IP has filed sixteen different cases in this Court.  None of the defendants in any of these actions are located in Iowa.

#### B.     Fraserside Holdings

Fraserside Holdings, in turn, is a wholly owned subsidiary of Private Media Group, Inc., a publicly traded company incorporated in Nevada.  Although the Complaint pretends that Fraserside IP is the same as Fraserside Holdings and Private Media, in truth, each of these

---

[3] Although a Court generally cannot look at materials outside of the Complaint in considering a Motion to Dismiss, it is well established in the Eight Circuit that the Court is permitted to consider, among other things, public records, court documents, governmental records, and documents which form the basis of the Plaintiff's Complaint, even if the Plaintiff has failed to attach such documents to the Complaint.  *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008)(" the district court is limited to the materials properly before it on a motion to dismiss, which may include public records and materials embraced by the complaint"); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)(at the 12(b)(6) stage, the court may consider both "materials that are part of the public record" and "materials that are necessarily embraced by the complaint"); *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007)("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss"); *Rakes v. Life Investors Ins. Co. of Am.*, 2007 U.S. Dist. LEXIS 52719, *8-9 (N.D. Iowa 2007)("A plaintiff is under no obligation to attach to her complaint documents upon which her action is based, but a defendant may introduce certain pertinent documents if the plaintiff failed to do so.")  *See also Sioux Biochemical, Inc. v. Cargill, Inc.,* 410 F. Supp. 2d 785, 790-791 (N.D. Iowa 2005); *Florida State Bd. of Admin. v. Green Tree Fin. Corp.,* 270 F.3d 645, 663 (8th Cir. 2001); *Catholic Order v. U.S. Bancorp Piper Jaffray, Inc.,* 337 F. Supp. 2d 1148, 1159-1160 (N.D. Iowa 2004).  In this Circuit, considering such materials does not convert a motion to dismiss into a motion for summary judgment.  *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

companies is a separate legal entity.[4]

Fraserside Holdings, is a Cyprus-based company which has consistently asserted in other judicial proceedings that it is not subject to jurisdiction anywhere in the United States.  *See, e.g, Russell Whitaker, d/b/a C&B Videos, et al. v. MGA, Inc., et al.*, Middle District of Georgia, Civil Action No. 1:05-CV-00099-WLS, Motion to Dismiss the Complaint, Document 51, pp. 2-3 ("Plaintiff has not set forth any sufficient basis to support the proper exercise of personal jurisdiction over [Fraserside Holdings, Ltd. ("FHL")] FHL, a foreign corporation that is incorporated under the laws of, and has its principal place of business in, the country of Cyprus. …FHL does not own or lease any real estate in Georgia or the United States.  …FHL does not have any employees in Georgia or the United States.  …FHL does not ship any goods for sale to Georgia.  The goods are distributed in the United States by distributors with whom FHL has contractual relationships"); *Holland v. MGA, Inc., et al.*,[5] Middle District of Alabama, Civil Action No. 1:05 CV 00237-M, Fraserside's Motion to Dismiss the Complaint, Docket No. 80, p. 6 ("Fraserside does not sell any goods in Alabama, and in fact, does not sell any goods in the United States.  Its products are sold and distributed by third party distributors with independent contractual relationships.  Fraserside has no knowledge of what is done with its products within the United States.")  *See also Clark v. MGA, Inc., et al.,* Southern District of Alabama, Civil Action No. 2:05 CV 00633-SLB, Docket No. 33, p. 6 (same); *Carter v. MGA, Inc., et al.*,

---

[4] The Court might reasonably wonder why Private Media Group would work so hard at setting up multiple corporate entities, only to ask this Court to ignore those corporate formalities when it comes to identifying the true owner of the intellectual property at issue.

[5] In *Holland v. MGA, Inc., et al.*, Middle District of Alabama, Civil Action No. 1:05 CV 00237-M, Private Media Group's Chief Financial Officer, Johan Gillborg, filed an affidavit in an attempt to resist jurisdiction over Fraserside Holdings.  *See* Document 79.  In that affidavit, Mr. Gillborg noted that Fraserside Holdings was a Cyprus corporation, which did not own or lease any real estate in Alabama or the United States, and did not have any employees in Alabama or the United States.  *Id.*  In addition, Mr. Gillborg stated under oath that "Fraserside does not ship any goods for sale to Alabama.  The goods are distributed in the United States by distributors with whom Fraserside has contractual relationships."  *Id.*

3

Northern District of Alabama, Civil Action No. 2:05 CV 01662-WMA, Docket No. 47, p. 9 (same).

### C.    Private Media Group

Private Media Group, Inc. is a publicly-traded company, incorporated in the state of Nevada.  Private's main corporate headquarters are located in Barcelona, Spain.

On August 13, 2010, in an action pending in the Clark County District Court of Nevada, entitled *Consipio Holding, BV v. Private Media Group, Inc.*, Case No. A-10-622802-B, the Court issued a temporary restraining order against Private, enjoining Private and its subsidiaries and affiliates from (among other things), "...disposing of any business assets (outside of the ordinary course of business" or "...undertaking any other act or transaction that is not in the ordinary course of business, without the prior approval of a majority of the disinterested members of the Board of Directors...."  *See*, Exhibit 1.  On November 17, 2010, this Temporary Restraining Order was continued by the Court as a Preliminary Injunction.  *See*, Exhibit 2.

### D.    Igor Kovalchuk

Mr. Kovalchuk is an individual who is a citizen and resident of Russia.  *See* Kovalchuk Affidavit, attached hereto as Exhibit 3.[6]  Mr. Kovalchuk is *not* the owner or operator of the DrTuber website, although he does manage technology for ERA Technologies, Ltd., the company which *does* own and operate the website.  *Id.*  No service has been made or attempted on Mr. Kovalchuk.  *Id.*  Mr. Kovalchuk, does not have an office in Iowa, a telephone number in Iowa, employees in Iowa, or an agent for service of process in Iowa.  Indeed, Mr. Kovalchuk has never even visited Iowa.  *Id.*

---

[6] Consideration of affidavits is appropriate in the context of a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).  *See Armstrong v. Am. Pallet Leasing Inc.,* 2009 U.S. Dist. LEXIS 77138 (N.D. Iowa 2009); *Med-Tec, Inc. v. Kostich,* 980 F. Supp. 1315, 1319 (N.D. Iowa 1997).

4

### E.     ERA Technologies, Ltd.

ERA Technologies, Ltd. ("ERA") is a company incorporated in the British Virgin Islands. *See* Kovalchuk Affidavit. Although ERA is the actual owner and operator of the DrTuber website, it has not been named as a defendant in this action, nor has it been properly served. *Id.* In any event, ERA does not have an office in Iowa, a telephone number in Iowa, employees in Iowa, or an agent for service of process in Iowa. *Id.* It does not maintain any servers in Iowa or anywhere else in the United States. *Id.*

### The Intellectual Property

Although the Complaint alleges that the "Plaintiffs" own and have registered certain copyrights and trademarks, there are no "Plaintiffs," plural, but rather a singular Plaintiff, Fraserside IP.[7] At the time the alleged infringements occurred, neither the United States Copyright Office nor the United States Patent and Trademark Office listed Fraserside IP as having registered a single copyright or trademark. Instead, at the time, each of the copyrighted works alleged to be registered by Fraserside IP was actually registered by either Fraserside Holdings or Milcap Media, Ltd, both of which are based in Cyprus. And, at the time the alleged infringements occurred, each of the trademarks alleged to be owned or registered by Fraserside IP is actually owned and registered by Cine Craft Ltd., a Private Media Group subsidiary located in the United Kingdom.

In other cases pending in this Court, however, Fraserside IP has produced documents which purport to transfer Fraserside Holdings' intellectual property to Fraserside IP. *See* Exhibits 4, 5, 6, and 7. These purported assignments, however, made without any readily

---

[7] It is understandable why Fraserside IP would like to conflate its actions with those of Fraserside Holdings, Private Media Group, Milcap Media, and Cine Craft – it is those other (non-Iowa) companies that actually created, registered, and utilize the intellectual property at issue. Fraserside IP, on the other hand, exists only to manufacture personal jurisdiction in Iowa.

apparent consideration are directly contradicted by Fraserside Holdings' *subsequent* sworn submissions in the Central District of California, in which Fraserside Holdings continues to assert ownership over the copyrights and trademarks supposedly transferred.

More specifically, on or about July 14, 2010, Fraserside Holdings initiated an action in the Central District of California against XonDemand, captioned *Fraserside Holdings, Ltd. v. XOD, LLC*, CV10-5174-GW (the "XOD Litigation"). In that action, Fraserside Holdings asserted copyright ownership over (among others) the following titles: *Gladiator; A Taste of Pleasure; Beauties in the Tropix; XXX – Chain Reaction;* and *Private Story of Bobbi Eden.* Fraserside IP has asserted ownership of each of these titles in the present litigation and, in its Resistance, has claimed that the copyrights to each of these titles was transferred to it from Fraserside Holdings.

In the XOD Litigation, Fraserside Holdings also asserted ownership over the trademarks Private (Registration No. 1014957), Private Gold (Registration No. 3188677), and the image of two female figures (Registration No. 3389749). Fraserside IP has asserted ownership over these trademarks in the present litigation and, in its Resistance, has claimed that these trademarks were was transferred to it from Fraserside Holdings.[8]

In direct contrast to the representations that Fraserside IP has made to this Court, however, Fraserside Holdings represented that, *as of October 18, 2011,* the copyrights and trademarks continued to be owned by Fraserside Holdings. Indeed, with respect to each of the copyrights detailed above (all of which Fraserside IP claims to own), Fraserside Holdings has

---

[8] In addition, in the XOD Litigation, Fraserside Holdings asserted copyright ownership over the following titles: *Anal Freedom; Artcore; Coming of Age; Gladiator II; Gladiator III; Private Fetish Machine – The Fetish Garden; Private Stories No. 14 – Sex Dream; Private Stories No. 15 – Forest Nymph; Private Stories No. 9 – Blue Girls; Private Story of Sarah O'Neal; Sex & Revenge; Sex & Revenge 2; Sex Lies & Internet; Sex Rebels; Sex, Lust & Video Table; Total Desire; XXX 08; XXX 09; XXX 18; XXX No. 10; XXX No. 11; XXX No. 15; Lust Treasures #5, Lust Treasures #9, Millionaire, Millionaire II, Sex Thriller,* and *Your Time Is Up.* In documents submitted to this Court in connection with its Resistance, Fraserside IP has claimed that the copyright to each of these titles was transferred to it from Fraserside Holdings.

claimed, under oath, to be the rightful owner.  More specifically:

1.      In the XonDemand Litigation, Fraserside *Holdings* is the only plaintiff. Fraserside *IP* is neither named as a party nor identified in Fraserside Holdings' Certification and Notice of Interested Parties.  *See* Exhibit 8.  In that document, Fraserside Holdings identifies its parent, Private Media Group, Inc. as the only entity with "a direct pecuniary interest in the outcome of this case."  *Id.*  Fraserside Holdings never amended this Certification to name Fraserside IP as having any interest in the outcome of the litigation.

2.      On **October 18, 2011**, Fraserside Holdings filed a motion for default judgment in the XonDemand Litigation.  *See* Exhibit 9.  In that motion, Fraserside Holdings (which defined itself in the motion as "Fraserside"), went on to assert that "The facts in the instant matter are absolutely clear.  ...Fraserside owns the copyrights and trademarks in those materials and has registered them with the United States Copyright Office. See Dkt. No.1, Complaint, showing copyright certificate numbers of Plaintiffs copyrighted intellectual property."  *See* Exhibit 9, pp. 2-3.  *Fraserside Holdings* next unequivocally asserted that, as of the date of filing, October 18, 2011, it was the "rightful trademark, copyright and intellectual property owner of the copyrights and intellectual property that is the basis for this XonDemand Litigation."  *Id* at 8.

3.      In addition, Fraserside submitted the sworn declaration of Jason Tucker, who identifies himself in the declaration as the "Enforcement Officer for Plaintiff Fraserside Holdings, Ltd."  *See* Exhibit 10, p. 2.  In that declaration, Mr. Tucker averred that "at all times relevant Fraserside is the rightful trademark, copyright and intellectual property owner" for the intellectual property that forms the basis of that action.  *Id.*

Despite these unequivocal sworn statements made by Fraserside Holdings (the Cyprus entity which had always been the owner of the intellectual property before Fraserside IP was

created to manufacture jurisdiction in Iowa), Fraserside IP insists in *this* Court that it is the assignee of all of Fraserside Holdings' intellectual property, including all rights to litigate prior infringements.

<u>**Argument**</u>

I.    <u>The Complaint Must Be Dismissed Because Mr. Kovalchuk Was Not Served, And, In Any Event, Is Not The Correct Defendant.</u>

According to the return of service filed with this Court, service was supposedly effectuated by leaving a copy of the Complaint and supporting documents with "Janice Sergeant (person in charge for agent of service)" at Blenheim Trust, RG Hodge Plaza, Wickams Cay, Road Town, Tortola, Virgin Islands. *See* Docket No. 8. Mr. Kovalchuk, however, neither lives nor works in the Virgin Islands. *See* Kovalchuk Affidavit. Indeed, Mr. Kovalchuk has never visited the British Virgin Islands. *Id.* He has no connection with "Janice Sergeant" and she is certainly not authorized to accept service on his behalf.[9] *Id.* As a citizen and resident of Russia, Mr. Kovalchuk is entitled to be served in accordance with the provisions of the Hague Convention, something which has not occurred. Indeed, Mr. Kovalchuk (the only named defendant), has not been served in any manner whatsoever. *Id.* Accordingly, the Complaint must be dismissed.

Even if Mr. Kovalchuk had been served, the Complaint against him would have to be dismissed inasmuch as he is not the owner or operator of the website at issue in this case, DrTuber.com. *See* Kovalchuk Affidavit. Instead, the DrTuber website is owned and operated by ERA, a company incorporated in the British Virgin Islands. *Id.*

Given Fraserside IP's prior (unsuccessful) attempts to argue to this Court that the individual or entity listed as a domain's contact in the WhoIs Registry must somehow be the

---

[9] It is Mr. Kovalchuk's belief that Ms. Sergeant is the receptionist at the executive business center in the British Virgin Islands where ERA has a business address.

*owner* of the domain,[10] Mr. Kovalchuk anticipates that Fraserside will attempt a similar argument here given that Mr. Kovalchuk is listed as the domain's administrative contact. It is well established, however, that the WhoIs Registry only provides contact information, not proof of ownership. *Dlorah, Inc. v. Nau Holdings, LLC*, 2009 U.S. Dist. LEXIS 34240 (D.S.D. Apr. 23, 2009)("Unfortunately for plaintiff, WHOIS records merely provide contact information for the administrator or registrant of a domain name, and have no bearing on ownership"); *Nordica S.p.A. v. Icon Health & Fitness, Inc.*, 2009 DNH 118 (D.N.H. 2009)("WHOIS reports are not sufficient to establish ownership, as courts have recognized that such reports 'merely provide contact information for the administrator or registrant of a domain name, and have no bearing on ownership'"); *Express Media Group, LLC v. Express Corp.,* 2007 U.S. Dist. LEXIS 34800 (N.D. Cal. 2007)("Defendants' arguments rest on changes to the WHOIS records and the registration contact information for the domain name. Such records, however, are not the equivalent of statutorily-created title systems. They are privately-maintained systems for providing contact information and keeping records for domain names").

Because Mr. Kovalchuk is not the owner or operator of the DrTuber website, he is not the proper defendant in this lawsuit and the entire factual basis of the complaint against him fails. As such, the Complaint against him must be dismissed.

II.     The Complaint Must Be Dismissed Because Mr. Kovalchuk is Not Subject To Personal Jurisdiction in Iowa.

Even if Mr. Kovalchuk were a proper defendant in this case and even if he had been served, the Complaint against him would need to be dismissed inasmuch as there is no personal

---

[10] During oral argument in *Fraserside IP LLC v. WhoIsGuard, et al.*, 11-cv-03025-MWB, Fraserside IP insisted to this Court that WhoIsGuard had to be the owner of the website xHamster.com. When this Court reasonably asked counsel for Fraserside IP where on the WhoIs Registry records the word "owner" appeared, Fraserside IP was forced to admit that the records do not actually indicate ownership at all. As a result, this Court ordered that WhoIsGuard be dismissed from the action as an improperly named defendant. *See* Docket Nos. 22 and 39 in Case No. 11-cv-03025-MWB.

jurisdiction over him in Iowa. In its complaint, Fraserside IP cites – as the sole basis for personal jurisdiction over Mr. Kovalchuk - 28 U.S.C. §§ 1391.[11] *See* Complaint, ¶4. Section 1391, of course, has nothing to do with personal jurisdiction, or jurisdiction at all, but rather is the federal venue statute. Fraserside IP's pleading deficiencies, however, go much further than a mere inability to cite to the correct authority: Fraserside IP has failed to articulate any facts or legal basis for the exercise of personal jurisdiction over Mr. Kovalchuk.

Presumably, Fraserside IP intends to argue that jurisdiction over Mr. Kovalchuk can be premised on Iowa's long arm statute. *See* Iowa Code § 617.3 and Iowa Rule of Civil Procedure 56.2. The Court "may assume jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution." *Dakota Indus., Inc. v. Ever Best Ltd.*, 28 F.3d 910, 915 (8th Cir. 1994). Because Iowa's long arm statute extends jurisdiction to the limits of due process allowed by the United States Constitution, the inquiry collapses into the single question of whether exercise of personal jurisdiction comports with due process." *Bell Paper Box, Inc. v. U.S. Kids, Inc. (Bell Paper I)*, 22 F.3d 816, 818 (8th Cir. 1994).

The Due Process Clause requires "minimum contacts" between the nonresident defendant and the forum state before the court may exercise jurisdiction over the defendant. *Coen v. Coen*, 509 F.3d 900, 905 (8th Cir. 2007) *citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). This Circuit employs a five-part test for measuring minimum contacts: (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. Factors one through three are

---

[11] After 15 near-identical complaints filed with this Court, one would have thought that Fraserside IP would at least expend the effort to correct obvious deficiencies in its pleadings.

primary. *Id.* "With respect to the third factor, we distinguish between specific jurisdiction and general jurisdiction. 'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state,' while '[g]eneral jurisdiction . . . refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'"[12] *Coen, supra* (citations omitted).

Mr. Kovalchuk is a Russian citizen with no ties whatsoever to Iowa. He does no business here, owns no property here, does not have a telephone number here, and has no agent here. Given the complete absence of facts alleged upon which personal jurisdiction might be premised over Mr. Kovalchuk, then, the Complaint must be dismissed.

Presumably, Fraserside IP had intended to base its jurisdictional argument on its (incorrect) assumption that Mr. Kovalchuk owned the DrTuber website. As that assumption was without factual basis, the jurisdictional argument (assuming that Fraserside had bothered to make it), would fail. Even if Mr. Kovalchuk had been the operator of the DrTuber website, however, this would be an insufficient basis on which to rest jurisdiction.[13]

In analyzing whether specific jurisdiction can be based on the defendant having operated a website, the Eighth Circuit starts with the analytical framework laid out in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). In *Zippo*, the Court outlined a sliding scale whereby the Court would determine if a website was passive, interactive, or one which involved entering into contracts and the repeated and knowing transmission of computer files into the foreign jurisdiction. *Id. See also Lakin v. Prudential*

---

[12] Given that Mr. Kovalchuk has no offices or employees in Iowa, owns no property in Iowa, has no telephone number, pays no taxes, maintains no servers, and has no agent for service of process in Iowa, there can be no argument that it has the requisite "continuous and systematic" contacts with Iowa necessary to assert general jurisdiction. *See, e.g., Johnson v. American Leather Specialties, Corp.*, 565 F. Supp. 2d 1015 (N.D. Iowa 2008).
[13] Because operation of the DrTuber website would be an insufficient basis on which to assert jurisdiction, any attempt to amend the complaint to name ERA as a defendant would be futile.

*Securities, Co.*, 348 F.3d 704, 710-12 (8th Cir. 2003); *Principal Financial Services, Inc. v. Big Finance and Insurance Services, Inc.*, 451 F. Supp. 2d 1046, 1056 (2006); *Lindgregn v. GDT, LLC*, 312 F. Supp. 2d 1125, 1130 (S.D. Iowa 2004).

In the Eighth Circuit, however, the Zippo test is but a starting point and the Court must also consider, "at a minimum… the nature and quality of the contacts and… their relation to the cause of action." *Lindgregn,* 312 F. Supp. 2d  at 1130.   Regardless of whether the website is interactive or not, the *Lindgregn* Court emphasized "that personal jurisdiction requires 'purposeful conduct directed at the state.'" *Id.* at 1131, *quoting ALS Scan, Inc. v. Digital Serv. Consult. Inc.,* 293 F.3d 707, 712-713 (4th Cir. 2002).   *See also Dryspace, Inc. v. Crawlspace Concepts, LLC,* 2011 U.S. Dist. 31007 (N.D. Iowa 2011).

In rejecting the Plaintiff's argument that jurisdiction could be based solely on the defendant's website, the *Lindgregn* Court stated that "while GDT's Web site is both commercial and interactive, the site is arguably no more directed at Iowa than at Uzbekistan." *Lindgregn,* 312 F. Supp. 2d  at 1132.  "The fact that someone who accesses defendants' Web site can purchase a Jean Jewel, does not render defendants' actions purposefully directed at this forum. …There is no evidence that GDT took any purposeful action towards Iowa – it did not direct any paid advertising to Iowa or solicit Iowa residents to visit its Web site.  It merely processed the orders from Iowa customers who visited its site.  Merely entering into a contract with a forum resident does not provide the requisite contacts between a nonresident defendant and the forum state." *Id.* (internal citations and quotation marks omitted).

Similarly, in *Viasystems, Inc. v. EBM-PAPST St. Georgen GmbH & Co.*, 2010 U.S. Dist. LEXIS 57871 (E.D. Miss. 2010), the court applied *Zippo*, as interpreted by the Eighth Circuit and concluded that the defendants' maintenance of its website – which was accessible by

12

residents of Mississippi – could not support a finding of personal jurisdiction over the nonresident defendant no matter how many Missouri residents visited the website because the website did not allow visitors to make direct purchases, but rather redirected them to another website. *Id.* at *18 ("The Court therefore concludes that EBM is not carrying out 'systematic or continuous' business in Missouri through its website because the website (1) does not allow Missouri customers to enter into transactions with EBM, (2) does not contain any information targeted specifically at potential Missouri customers, as differentiated from potential U.S. customers generally, and (3) directs those potential Missouri customers who do wish to purchase EBM products to EBM's United States affiliate, which in turn directs them to local distributors.")

In the present case, Fraserside IP's complaint fails in its entirety. The Complaint contains not a single allegation which would support jurisdiction over Mr. Kovalchuk, a citizen of Russia, who has no connection whatsoever to Iowa. Even if Mr. Kovalchuk had been the operator of the DrTuber website, this fact alone would not support personal jurisdiction. Although the website may have a certain level of interactivity (inasmuch as users can view or post videos), the Complaint contains no allegation that *any* resident of Iowa has either viewed or downloaded Fraserside IP's intellectual property (assuming that it has any) at these sites. Indeed, the Complaint does not even allege how many – if any – Iowa residents have visited Mr. Kovalchuk's websites. And, perhaps most importantly, the Complaint contains no allegation that the website was directed at the citizens of Iowa.

Nor could personal jurisdiction have been premised on an allegation that infringement of Fraserside IP's intellectual property (assuming that it has any) would cause injury in Iowa. *Amerus Group Co. v. Ameris Bancorp.*, 2006 U.S. Dist. 32722 (S.D. Iowa 2006)(in answering "the question of whether, standing alone, the 'effects' of a tortious act can subject a defendant to

13

personal jurisdiction in a forum where no other contacts exist.  This Court holds it cannot.

…*Calder*[14] did not carve out a special intentional torts exception to the traditional specific

jurisdiction analysis, so that a plaintiff could always sue in his or her home state.")  *See also*

*Dryspace, Inc. v. Crawlspace Concepts, LLC,* 2011 U.S. Dist. 31007 (N.D. Iowa 2011)

("Although the Court accepts as true Plaintiff's allegations that Defendant intentionally infringed

Plaintiff's registered trademark, this allegation alone fails to show how Defendant uniquely or

expressly aimed its tortious acts at Iowa.  …Thus, Plaintiff has failed to demonstrate that

Defendant's acts were performed for the very purpose of having their consequences felt in the

forum state")(internal quotation marks and citations omitted); *Lindgren v. GDT, LLC*, 312 F.

Supp. 2d 1125, 1130 (S.D. Iowa 2004)(In holding that personal jurisdiction could not be based

on the defendants' website, which the plaintiff alleged violated the plaintiff's copyrights, causing

harm in Iowa, the Court noted that "the Eight Circuit clearly has refused to abandon the

traditional minimum contacts test when relying on *Calder*.  …although the defendants' alleged

harmful activities may have harmed the plaintiff in Iowa, absent additional contacts, this effect

alone was not sufficient to bestow personal jurisdiction in Iowa.")

 Nor has Fraserside IP alleged that the DrTuber website is somehow "uniquely or

expressly aimed at" Iowa, that the brunt of the harm alleged was suffered in Iowa, or that the

owners of the site knew that the brunt of the harm would be suffered in Iowa.  The DrTuber

website is no more "aimed at Iowa" than it is aimed at New York, Madrid, Hong Kong, or any

other place in the world where the internet is available.  *Most importantly, it would have been*

*impossible for the owner of the website to have suspected that any harm (much less the brunt of*

*it) would be felt in Iowa, given that – at the time of the alleged infringement – all of the*

*copyrights and trademarks at issue were registered not to Fraserside IP, but rather Fraserside*

---

[14] *Calder v. Jones*, 465 U.S. 783 (1984).

*Holdings, Ltd. (a Cyprus Corporation), Milcap Media, Ltd. (a Cyprus Corporation), and Cine*

*Craft, Ltd. (a UK Corporation).*

And, indeed, under Eighth Circuit precedent, even if Fraserside IP could prove that the owner of the website[15] knew that the brunt of the effects would be felt in Iowa (which it clearly cannot), such "effects" would be insufficient without more to establish jurisdiction over ERA.[16]

Because there is no personal jurisdiction over Mr. Kovalchuk, the present action must be dismissed.

III.    **The Complaint Must Be Dismissed Because Fraserside IP Does Not Have Standing to Assert or Pursue The Present Claims.**

Pursuant to Section 501(b) of the 1976 Copyright Act, 17 U.S.C. § 101, et seq., (the "Act") only the legal or beneficial owner of an exclusive right under copyright law is entitled, or has standing, to sue for infringement. *United States v. Chalupnik*, 514 F.3d 748, 753 (8th Cir. 2008)("copyright law generally limits standing to seek a civil remedy for copyright

---

[15] All of this, of course, is far removed from Mr. Kovalchuk, who does not own the DrTuber website.

[16] *See, e.g., Zuffa, LLC v. Showtime Networks, Inc.*, 2007 U.S. Dist. LEXIS 60711 (D. Nev. 2007) (knowledge that copyright holder was located within the jurisdiction "by itself fails to establish that Showtime and ProElite individually targeted Plaintiff"); *Amerus Group Co. v. Ameris Bancorp*, 2006 U.S. Dist. LEXIS 32722 (S.D. 2006)(discussing whether, under Eighth Circuit precedent, "standing alone, the 'effects' of a tortious act can subject a defendant to personal jurisdiction in a forum where no other contacts exist. This Court holds it cannot"); *Principal Fin. Servs. v. Big Fin. & Ins. Servs., 451 F. Supp. 2d 1046, 1059-1061 (S.D. Iowa 2006)*("Given the complete absence of any substantial connection between Big Finance and the state of Iowa, the Court cannot exercise jurisdiction solely because the effects of the alleged injury may be most strongly felt in Iowa"); *Express Scripts, Inc. v. Care Continuum Alliance, Inc.*, 2011 U.S. Dist. LEXIS 61157, *12 (D. Miss. 2011)("Even if plaintiffs adduced evidence that Care Continuum knew Express Scripts owned the mark and resided in Missouri, this fact alone this would be insufficient to confer personal jurisdiction under Calder; because there is no evidence that Care Continuum ever targeted this state or had any other contacts with it." The Express Scripts case is particularly on point. There, the two Plaintiffs were a Missouri-based parent company (Express Scripts) and its wholly-owned subsidiary (CuraScript), which owned the trademarks in question. Although CuraScript was not itself headquartered in Missouri, it maintained a place of business in Missouri, had senior corporate officers located in Missouri, and conducted administrative activities in Missouri. Id. at *10. Nevertheless, the Court rejected jurisdiction in Missouri based on Eighth Circuit precedent, holding that – even though CuraScript maintained a presence in Missouri – such evidence was "insufficient for me to conclude that CuraScript will feel the effects of any mark infringement here. Its contacts are simply too limited." The Court went on to hold that "the Eighth Circuit has narrowly construed the Calder effects test, holding that 'mere effects in the forum state are insufficient to confer personal jurisdiction.'" Id. at *10-11, citing Johnson, supra. "Instead, plaintiff must present some evidence that defendants had other contacts with the forum state, and intentionally aimed their tortious activities to that state for the very purpose that their effects would be felt in that state. ...Here, there is no evidence that Care Continuum directly targeted any alleged mark infringement at Missouri, knowing the brunt of the infringement would be felt here." Id. at 12.

infringement to the owner of the copyright or to a person who holds an exclusive license to one of the owner's exclusive rights in the copyrighted work").  *See also Benchmark Homes, Inc. v. Legacy Home Builders, LLC*, 2006 U.S. Dist. LEXIS 53879 (D. Neb. 2006)("The right to sue for an accrued claim for infringement is not an exclusive right… Because Benchmark did not own any substantive rights in copyright that would allow it to file a copyright infringement claim under §501(b), Benchmark lacked standing when the action was filed"); *Silvers v. Sony Pictures Entm't Inc.*, 402 F.3d 881, 884 (9th Cir. 2005)("only the owner of an exclusive right under the copyright is entitled to sue for infringement"); *Eden Toys, Inc. v. Florelee Undergarment Co.*, 697 F.2d 27 (2d Cir. 1982).  *See also ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir. 1991) (citing *Eden Toys*, "the Copyright Act does not permit copyright holders to choose third parties to bring suits on their behalf.")  *See also Order of Dismissal, Righthaven LLC v. Democratic Underground, LLC*, Civil Action No. 2:10-cv-01356, Docket No. 116 (D. Nev. 2011).

While it is true that the exclusive rights under copyright law may be transferred and owned separately, the assignment of a bare right to sue is ineffectual because it is not one of the exclusive rights.  *Silvers,* 402 F.3d 881 at 884-85. Since the right to sue is not one of the exclusive rights, transfer solely of the right to sue does not confer standing on the assignee. *Id*. at 890.  One can only obtain a right to sue on a copyright if the party also obtains one of the exclusive rights in the copyright. *See id*.

Fraserside IP's trademark claims similarly fail.  Even assuming that Cine Craft, Ltd. has attempted to assign to Fraserside IP the ability to sue for trademark infringement, such an attempted assignment would be without effect.  *International Society for Krishna Consciousness of Western Penn., Inc. v. Stadium Authority of the City of Pittsburgh*, 479 F. Supp. 792 , 797

16

(W.D. Pa. 1979)("There are no rights in a trademark alone, and 'no rights can be transferred apart from the business with which the mark is associated'"); *Multimin USA, Inc. v. Walco International, Inc.,* 2007 U.S. Dist. LEXIS 41801 (N.D. Tex. 2007)(holding that only the registrant or owner of a trademark has standing to sue and rejecting a licensee's right – other than an exclusive licensee - to bring an action); *Quabaug Rubber Company v. Fabiano Shoe Company, Inc.*, 567 F.2d 154, 159 (1ˢᵗ Cir. 1977)("The pertinent portion of the Lanham Act relating to trademark infringement actions provides that an infringer 'shall be liable in a civil action by the *registrant* for the remedies provided hereunder.")(emphasis in original) *See also Agrashell, Inc. v. Hammons Products Co.,* 352 F.2d 443, 446 (8ᵗʰ Cir. 1965)("The fact that the agreement gives Agrashell a right to sue in its own name is without significance.  Ownership of the patent[17] is a requisite to the right to sue for infringement").[18]

 Directly on-point is *Visa U.S.A., Inc. v. First Data Resources,* 2005 U.S. Dist. LEXIS 37276 (N.D. Cal. 2005), a trademark infringement case brought under the Lanham Act.  There, the plaintiff, VISA U.S.A., asserted that it had "standing to sue on VISA International's trademarks because it is a licensee of the VISA Marks, is responsible for monitoring compliance with the marks in the United States, and is a close corporate affiliate of Visa International."  *Id.* at *9.  The Court flatly rejected VISA's argument:

> Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), creates a cause of action for a trademark "registrant" when a defendant uses a registered trademark without consent. Section 32 permits standing to sue for trademark infringement by the registrant of the mark, which, by statute, includes the legal representatives, predecessors, successors, and assigns of the registrant. 15 U.S.C. § 1127. Assignment of trademark rights is carefully

---

[17] Although *Agrashell* was a patent case, courts have found patent cases and trademark cases sufficiently similar to be instructive with respect to one another.  *See, e.g., International Society for Krishna Consciousness, supra.*

[18] Additionally, any purported assignment of Cine Craft Ltd.'s trademarks to Fraserside IP would be invalid, given that no such assignment has been recorded with the USPTO. *International Society for Krishna Consciousness, supra,* at 797 ("Assignment of trademark rights is carefully circumscribed by statute, complete with writing and recording requirements.") *citing* 15 U.S.C. §1060, which provides, in relevant part, that "Assignments shall be by instruments in writing duly executed.  Acknowledgement shall be prima facie evidence of the execution of an assignment and when recorded in the Patent Office the record shall be prima facie evidence of execution."

circumscribed by statute, complete with writing and recording requirements.

> …Here, Visa, U.S.A. maintains that it has standing to sue First Data on the basis that it is a licensee of the VISA Marks, it monitors compliance with the marks in the United States, and is a close corporate affiliate of the registrant, Visa International. (Opp. Br. at 1.) As a matter of law, such status is insufficient to afford Visa, U.S.A. standing to sue under Section 32. Visa, U.S.A. cannot maintain standing as a licensee because it does not operate as an exclusive licensee with sufficient property rights in the mark. Further, its claims of responsibility for monitoring the mark and its status as a close corporate affiliate with the registrant do not confer standing under Section 32.

*Id.* at *9-10.

In the present case, the Complaint contains no specific allegation that *any* intellectual property rights have actually been transferred to Fraserside IP and Fraserside Holdings' sworn representations in other courts strongly suggest that either no such assignment actually occurred or that the assignment was really a sham, with the original owners and registrants continuing to assert ownership over the intellectual property allegedly transferred. Additionally, given that Private and its subsidiaries and affiliates were under a Court injunction at the time the intellectual property was allegedly transferred (without consideration), it is likely that any such transfers were fraudulent and *void ab initio*.

18

## **Conclusion**

For the reasons stated herein, Mr. Kovalchuk respectfully requests that Fraserside IP's

Complaint be dismissed in its entirety.

Respectfully submitted,
Roland Kovalchuk and www.DrTuber.com,

By their attorneys,

/s/Evan Fray-Witzer
Evan Fray-Witzer, *pro hac vice*
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804
Boston, MA 02116
(617) 723-5630
Evan@CFWLegal.com

/s/Valentin Gurvits
Valentin Gurvits, *pro hac vice*
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton, MA 02459
 (617) 928-1804
vgurvits@bostonlawgroup.com

/s/Jennifer E. Rinden
Connie Alt                    AT0000497
Jennifer E. Rinden          AT0006606
            for
SHUTTLEWORTH & INGERSOLL, P.C.
500 US Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:         (319) 365-9461
FAX:           (319) 365-8564
jer@shuttleworthlaw.com

19

ECF CERTIFICATE OF SERVICE

I, Evan Fray-Witzer, hereby certify that on November 10, 2011, a copy of the above document was served on Chad Bellville, attorney for the plaintiff, through the Court's ECF system in accordance with FRCP 5.


/s/ Evan Fray-Witzer